## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **UNITED STATES of AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No.   07-cr-30174-JPG-1** |
| | ) | |
| **DORIAN J. LOTT,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

**WILKERSON, Magistrate Judge:**

Defendant Dorian J. Lott is subject to a petition to revoke his supervised release.   He was released on bond on August 21, 2019 pending his final revocation hearing.   The conditions of defendant's bond required, among other things, that he reside in a Residential Reentry Center and abide by all the rules and regulations of that facility.   See, Doc. 52.

This matter is now before the court on the Government's *Ex Parte* Motion to Revoke Bond, Doc. 58.   The Court held a hearing on the Motion on October 21, 2019.

18 U.S.C. § 3148, applicable here under Fed.R.Crim.P. 32.1, mandates that an order of revocation and detention be entered if the Court:

> (1) finds that there is–
> > (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
> > (B) clear and convincing evidence that the person has violated any other condition of release; and
>
> (2) finds that–
> > (A) based on the factors set forth in section 3142(g) of this title, there is

no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
(B) the person is unlikely to abide by any condition or combination of conditions of release.

The government alleges that defendant violated the conditions of his release in that he was discharged from RRC-Dismas House for bringing an unauthorized cellular phone into the facility and refusing to give it to staff.

Based upon the information presented, the Court finds by clear and convincing evidence that defendant violated the conditions of release as set forth above. The Court considered continuing defendant on bond under home confinement. However, a urine test administered today by USPO was presumptively positive for cocaine and opiates. Defendant maintains that the presumptive opiate was because of pain medication, but USPO was not aware of any such prescription.

The Court finds, based on the factors set forth in 18 U.S.C. §3142(g), that no condition or combination of conditions will assure that defendant will not flee or pose a danger to the safety of any other person or the community. This Court finds that it is highly unlikely that he would abide by any condition or combination of conditions of release which could be devised.

The Court gave defendant leave to reopen the issue of detention with Magistrate Judge Sison.

**IT IS THEREFORE ORDERED** that the Government's Motion to Revoke Bond (Doc. 58) is **GRANTED**.

**IT IS FURTHER ORDERED** that the defendant, Dorian J. Lott, be

committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable from persons awaiting or serving sentences or being held in custody pending appeal; that the defendant be afforded reasonable opportunity for private consultation with his counsel; and, that, on order of a court of the United States, or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceedings.

**IT IS SO ORDERED.**

**DATED:   October 21, 2019.**

**DONALD G. WILKERSON**
**UNITED STATES MAGISTRATE JUDGE**